**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| KIMBERLY A. CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| MARTIN O'MALLEY, | * | No. 4:23-cv-00947-JJV |
| Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Kimberly Clark, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff was fifty-one years old at the time of the administrative hearing.  (Tr. 232.)  She earned a GED and attended some college.  (Tr. 233-234.)  She has no past relevant work.  (Tr. 26.)

The Administrative Law Judge[1] (ALJ) found Ms. Clark had not engaged in substantial gainful activity since her alleged onset date – December 22, 2021.  (Tr. 18.)  She has "severe" impairments in the form of "lumbar degenerative disc disease; left knee degenerative changes status post fracture and [open reduction and internal fixation]; diabetes mellitus; obesity; bipolar disorder; depressive disorder; anxiety disorder." (*Id.*)  The ALJ further found Ms. Clark did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 18-22.)

The ALJ determined Ms. Clark had the residual functional capacity to perform a reduced range of light work given her mental and physical limitations.  (Tr. 22.)  Since the ALJ determined Ms. Clark had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  Based in part on the testimony of the vocational expert (Tr. 250-253), the ALJ determined Ms. Clark could perform the jobs of cashier, fast food worker, and merchandise marker.  (Tr. 27.)  Accordingly, the ALJ determined Ms. Clark was not disabled.  (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her complaint, Plaintiff argues the ALJ improperly considered her subjective allegations. (Doc. No. 13 at 18-20.) Plaintiff says, "As such it is clear that the ALJ erroneously failed to consider all of Plaintiff's subjective complaints, and how the same would impact her work activity, which is reversible error." (*Id.* at 20.)

Although Plaintiff surely disagrees, I find the ALJ fully complied with SSR 16-3p. There is no legal error here. The ALJ followed the appropriate regulations and provided ample support for his conclusions when considering Plaintiff's subjective allegations of pain and limitation. (Tr. 22-26.) In considering her subjective symptoms, the ALJ stated:

> The allegations of totally disabling limitations are not supported by, or consistent with, the overall record outlined herein. The examinations in the relatively conservative treating record reflect claimant's improvement with treatment. The claimant did not do physical therapy because they could not work around her schedule (Exhibit B35F/1). In May of 2022, she reported she was "doing good" and had been working at a daycare since April 1st and loved her job. The claimant reported no problems interacting with others. The most recent progress reports reflect the claimant's mental impairments are controlled with medication and the claimant acknowledged doing better with medication. Claimant drove, went to church, and used a smartphone and social media. This overall record supports the conclusion claimant can perform a modified range of light work activity.

(Tr. 30.)

As the Commissioner correctly argues, "Ultimately, the ALJ properly evaluated Plaintiff's subjective symptoms in accordance with the regulation and *Polaski* and developed an RFC finding that is supported by substantial record evidence from the relevant period, including largely normal objective findings, conservative treatment, improvement with treatment, an ability to engage in certain daily activities including work, and prior administrative medical findings (Tr. 18-23)."

And upon my own close review of Plaintiff's treatment records, I find the objective treatment notes fail to support limitation to the degree Plaintiff asserts. (Tr. 98-101, 113, 117-1118, 130-135, 140-142, 149-11, 156-158, 2214, 2217, 2220.) While the imaging of Plaintiff's lumbar spine shows abnormality, it fails to support limitation to the degree she asserts. (Tr. 2141-2145.)

I recognize that Plaintiff has been diagnosed with serious illnesses. But a diagnosis is not *per se* disabling. There must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. Here, the ALJ properly focused on Plaintiff's ability to function despite her impairments. The treatment records support the ALJ's analysis.

Plaintiff clearly suffers from some degree of limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments, and I am sympathetic to Ms. Clark's claims. However, the objective medical records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff also disagrees with the ALJ's residual functional capacity assessment. (Doc. No. 13 at 24-26.) She largely argues that her need for breaks, her inability to stand or sit for extended periods of time, and time off to attend medical appointments prevent her from engaging in substantial gainful activity. But, as the Commissioner correctly points out, there is no objective medical evidence to support these needs and it was Plaintiff's burden to prove her disability. (Doc. No. 15 at 8-9.)

Plaintiff has advanced other arguments – including the ALJ failed to give deference to her medical records and failed to meet his burden at Step 5 to prove there were sufficient jobs she could perform - which I find are without merit.  I find the Commissioner's responses to these arguments to be highly persuasive.

Ms. Clark's counsel has done an admirable job advocating for her.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 12th day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE